UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ENBRIDGE ENERGY LIMITED PARTNERSHIP, *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>GRETCHEN WHITMER, *et al.*,<br><br>Defendants-Appellants. | No. 24-1608 |

**APPELLEES' MOTION FOR IMMEDIATE
ISSUANCE OF THE MANDATE**

Pursuant to Federal Rules of Appellate Procedure 27 and 41, Appellees respectfully request that the Court immediately issue its mandate in this appeal. As shown below, the Court can grant this motion and still consider any timely petition for rehearing that Appellants may file.

**BACKGROUND**

Plaintiffs-Appellees ("Enbridge") filed this action over four years ago seeking to enjoin Defendants-Appellants' ongoing violations of federal law with respect to Enbridge's 645-mile international pipeline. (R. 1.) Defendants moved to dismiss the complaint on sovereign immunity grounds, and Enbridge moved for summary judgment on Counts I and III of its complaint. (R. 62, 63, 65, 66.) Due

1

to the importance of the federal issues, numerous amici filed briefs, including the Government of Canada and unions. (R. 70.) These motions were fully briefed and submitted for decision more than three years ago, on April 5, 2022.

On July 5, 2024, the district court denied Defendants' motion to dismiss, ruling that "[t]his is a straightforward *Ex parte Young* case." (Op. at 1-11, R. 94, Page ID ## 940-50.) While the court was prepared to move forward with Enbridge's summary judgment motion, and indeed had scheduled oral argument, Defendants filed an interlocutory appeal challenging the denial of their sovereign immunity defense. (R. 99, Page ID # 961-64.) The district court stayed proceedings "until the Court of Appeals resolves the pending Eleventh Amendment appeal." (Order at 3, R. 100, Page ID # 969.)

On April 23, 2025, this Court affirmed the district court's order denying Defendants' sovereign-immunity defense: "We hold that Enbridge's lawsuit falls within the *Ex parte Young* exception to Eleventh Amendment sovereign immunity and accordingly affirm the district court." (Slip op. 16.) After this Court issued its decision, Enbridge asked the district court to lift the stay of proceedings, at least in part to set a supplemental briefing schedule on remand including on abstention. (Brief at 4, 6-7, R. 103, Page ID ## 995, 998-999.) Defendants opposed that request. (Motion at 1, R. 102, Page ID # 990.) On April 28, 2025, the district court denied Enbridge's motion to lift the stay, stating that the court "currently has

2

no jurisdiction … because the case remains with the Court of Appeals until the Mandate issues." (Order at 1, R. 104, Page ID # 1041.)

On April 30, 2025, Defendants filed a motion to extend the time for filing a petition for rehearing through May 21, 2025. On May 2, 2025, this Court granted the extension request.

**ARGUMENT**

**I.      This Court should immediately issue the mandate**

Federal Rule of Appellate Procedure 41(b) provides that the mandate will ordinarily issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for rehearing en banc. The Court, however, "may shorten or extend the time" in which its mandate issues. Fed. R. App. P. 41(b).

The mandate may issue immediately when the court is "satisfied" that it "would not change its decision on [re]hearing," or hear the case *en banc*, and "there is no reasonable likelihood that the Supreme Court would grant review." *Johnson v. Bechtel Assocs. Prof'l Corp.*, 801 F.2d 412, 415, (D.C. Cir. 1986), quoting *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). That standard is met here, as evidenced by this Court's unanimous and well-reasoned decision. See Fed R. App. P. 40(a)(2) (standard for panel rehearing); Fed. R. App. P. 35(a) (standard for rehearing en banc); S. Ct. R. 10 (standard for certiorari).

3

While Defendants argued that Enbridge's suit is barred by sovereign immunity for two reasons, the panel concluded "neither [argument] is persuasive." (Slip op. 7.) *First*, Defendants contended that Enbridge's action "is the functional equivalent of a quiet title action against the State." *Id*. But Defendants acknowledged at oral argument that "Enbridge lawsuit would not cause the State to lose 'every single stick of the bundle' in the sticks that represents property rights." Slip op. 10 (quoting oral argument transcript). As this Court emphasized, "Enbridge does not seek to extinguish the State's ability to exercise its regulatory and sovereign authority over the disputed lands entirely" but rather "seeks only to bring the State's regulatory activities into compliance with federal law and the Constitution." Slip op. 11. This is a quintessential *Ex Parte Young* claim. *Second*, Defendants contended that Enbridge's suit seeks "an order for specific performance of a contract." (Slip op. 12.) But "Enbridge does not advance a contract claim at all" in this lawsuit. (Slip op. 12-13.) As the Court explained, Defendants cannot assert sovereign immunity simply because the act they want to take in violation of federal law would also violate a state contract. (*See id*.) In short, this Court concluded that Defendants arguments lacked merit based on existing Supreme Court and Circuit precedent.

Issuance of the mandate would not prevent Defendants from pursuing any petition for rehearing *en banc*. While the mandate normally ends appellate

4

jurisdiction, "there are exceptions, as when we direct the mandate to issue immediately pursuant to Fed. R. App. P. 41(b) and later entertain a petition for rehearing or rehearing en banc." *N. Cal. Power Agency v. Nuclear Regul. Comm'n*, 393 F.3d 223, 224 (D.C. Cir. 2004). Thus, circuit courts have simultaneously ordered a mandate to "issue forthwith" and stated that "[p]etitions for rehearing and rehearing en banc will be received and treated in the ordinary course." *Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 983 (9th Cir. 2010) (mandate issued on June 17, 2010, and petitions for rehearing filed and considered after); *Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, 839 F.3d 1382, 1384 (Fed. Cir. 2016) ("The mandate issued the same day. Medtronic then petitioned for rehearing."); *see also NAACP v. Bureau of the Census*, Appeal No. 19-1863 (4th Cir. Jan. 9, 2020) (granting motion for immediate issuance of the mandate and setting two weeks out—January 17, 2020—as the deadline for filing a petition for rehearing/rehearing *en banc*); D.C. Circuit Rule 41(a)(1) (explaining that the Court "retain[s] discretion to direct immediate issuance of the mandate in an appropriate case").

In short, while Defendants cannot meet the high standards for rehearing, issuing the mandate now would not deprive this Court of jurisdiction to consider any such rehearing petition. Defendants thus would not be harmed by issuing the mandate now.

## II. Delaying the mandate would harm Enbridge

Enbridge filed this lawsuit over four years ago and has acted expeditiously throughout to preserve its rights and avoid harm. Enbridge filed this lawsuit within five weeks of the Governor's notice of revocation of the 1953 Easement. A few months later, Enbridge moved for summary judgment on Counts I and III of its Complaint, and that motion was ripe for decision over three years ago. Yet, Enbridge has been deprived of its right to have a federal court decide the important federal issues raised in the summary judgment motion because Defendants moved to dismiss based on sovereign immunity and then filed this interlocutory appeal. The federal courts have already expended significant resources on Defendants' sovereign immunity arguments and concluded those arguments lacked merit.

In sharp contrast to Enbridge's efforts to promptly reach the merits of the claims, Defendants sought extensions to file their opening and reply briefs in this appeal, and also moved to postpone the oral argument by two months. Defendants recently filed a motion to extend the due date for filing any rehearing petition. At the same time, Defendants opposed any lifting of the stay of the district court proceedings, even in part to set a supplemental briefing schedule on remand. (Motion at 1, R. 102, Page # 990.) This Court should issue the mandate to minimize the continued harm to Enbridge from the delay in the resolution of this already long delayed case in federal court. That way, at a minimum, the district

court can set a briefing schedule on remand while the rehearing process proceeds in the ordinary course.

## CONCLUSION

Enbridge respectfully submits that the Court should order the mandate be issued immediately.

Respectfully submitted,

/s/   Alice E. Loughran   .

| | |
|---|---|
| Phillip J. DeRosier<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3866<br>pderosier@dickinsonwright.com<br><br>Jeffery V. Stuckey<br>DICKINSON WRIGHT PLLC<br>123 W. Allegan Street, Suite 900<br>Lansing, MI 48933<br>(517) 371-1730<br>jstuckey@dickinsonwright.com | Alice E. Loughran<br>Mark C. Savignac<br>STEPTOE LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036<br>(202) 429-3000<br>aloughran@steptoe.com<br>msavignac@steptoe.com<br><br>John J. Bursch<br>BURSCH LAW PLLC<br>9339 Cherry Valley Ave. SE, #78<br>Caledonia, MI 49316<br>(616) 450-4235<br>jbursch@burschlaw.com |

*Counsel for Plaintiffs-Appellees*

Dated:  May 2, 2025

## CERTIFICATE OF SERVICE

    I certify that I caused the foregoing to be filed with the Clerk of the United States Court of Appeals for the Sixth Circuit via the CM/ECF system and served a copy on all counsel of record, this 2nd of May 2025, by the CM/ECF system.

                                                      /s/　Alice E. Loughran  
                                                       Alice E. Loughran